IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INS. CO., )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>VINTAGE HOMES, LLC; )<br>BRAD WASH; )<br>ROBERT MCGREGOR; )<br>MOLLY MCGREGOR; )<br>GENE HERTZOG; )<br>JOANNE HERTZOG; )<br>CHRISTOPHER COOPER; )<br>SUSAN COOPER )<br>)<br>**Defendants.** ) | **Civil Action No.: 06-CV-1801-RBP** |

MEMORANDUM OPINION

This cause comes on to be heard upon the Motion to Dismiss filed on October 26, 2006

by Defendants Brad Walsh, Robert McGregor, Molly McGregor, Gene Hertzog, Joanne Hertzog,

Christopher Cooper, and Susan Cooper ("Defendant Homeowners").

FACTS AND PROCEDURAL HISTORY

On June 5, 2006, Defendant Homeowners individually filed suit against Defendant

Vintage Homes, LLC ("Defendant Vintage") in the Circuit Court of Jefferson County, Alabama.[1]

Defendant Homeowners are represented by the same counsel, and all of the complaints are nearly

identical in terms of allegations in regard to the sundry defects in the respective homes[2] they

---

[1] Defendant Homeowners filed their respective suits in the following groupings: Brad Wash, Robert and
Molly McGregor, Gene and Joanna Hertzog, and Christopher and Susan Cooper.

[2] All of the allegedly defective homes are located in Hoover, Alabama.

1

purchased from Defendant Vintage.  The defects complained of, in general, are claimed to have

caused moisture infestation and resultant structural damage.  The homes are also apparently in

non-compliance with applicable building codes.  Defendant Homeowners' complaints are also

nearly identical as to the theories of the claims, which include, *inter alia*, negligence;

misrepresentation and fraud; suppression; breach of implied and express warranties; breach of

contract; and breach of duty as to a third party beneficiary.  These actions are still pending as of

this writing.

Plaintiff Nationwide Mutual Insurance Company ("Plaintiff") is the liability insurer for

Defendant Vintage.  At all times relevant to this cause, Plaintiff provided coverage for Defendant

Vintage under two policies: one, a "commercial general liability" policy, and the other an

"umbrella liability policy."  Defendant Vintage claims that these policies oblige Plaintiff to

defend and indemnify it against Defendant Homeowners' lawsuits, and Plaintiff has, to date,

defended the underlying lawsuits under a "reservation of rights," although it "avers it has no

obligation under either of said policies to either defend nor indemnify [Defendant] Vintage from

the claims made or the damages sustained by the homeowner/plaintiffs therein."  On September

11, 2006, pursuant to 28 U.S.C. § 2201, Plaintiff filed a complaint for declaratory judgment in

this court, requesting a determination that, due to the "coverages, conditions, terms, exclusions,

limitations, and definitions" present in the insurance policies, it is under no obligation to defend

or indemnify Defendant Vintage in the suits instituted in the Circuit Court of Jefferson County by

Defendant Homeowners.[3]  Defendant Homeowners moved to dismiss the declaratory judgment

---

[3] Plaintiff invokes the diversity jurisdiction of this court pursuant to 28 U.S.C. § 1332.  Plaintiff is apparently a corporation organized under the laws of the State of Ohio, and all defendants are alleged to be citizens of the State of Alabama.

action on October 26, 2006, alleging that it violated the ripeness requirement.[4]

### THE RIPENESS REQUIREMENT AND DECLARATORY JUDGMENT ACTIONS

The judicial power of the federal courts is restricted to "cases" and "controversies." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Accordingly, the federal judiciary has maintained a long-standing refusal to issue advisory opinions.[5] In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), the United States Supreme Court noted the "basic rationale" of the ripeness requirement as

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

See also *Kirby v. Siegelman*, 195 F.3d 1285, 1289-90 (11th Cir. 1999) (quoting *Abbott Laboratories* and holding that the ripeness "requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review").

As to the hardship to the parties factor, the Supreme Court has held that the ripeness

---

[4] Defendant Homeowners have not yet filed an answer to the complaint. Defendant Vintage did answer (and counterclaimed) on November 6, 2006.

[5] *See, e.g., Flast, supra; United States v. Johnson,* 319 U.S. 302 (1943); *C. & S. Air Lines v. Waterman Corp.*, 333 U.S. 103 (1948); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995). *See also* RICHARD H. FALLON ET AL., HART & WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 66 (4th ed. 1996) (summarizing correspondence between then-Secretary of State Thomas Jefferson and the Justices of the United States Supreme Court regarding President Washington's request for an advisory opinion. The justices, in a letter now acknowledged as the initial recognition of the ban on advisory opinions, cited the "strong arguments against the propriety of our extra-judicially deciding the questions alluded to."

requirement is satisfied in instances where the party bringing the declaratory judgment action is faced with a choice between not engaging in otherwise legal conduct or violating a prohibition to the contrary, thus risking substantial hardship. *Abbott Laboratories, supra*. The Court has also held that an action is ripe where enforcement of a law is a foregone conclusion, and that actually waiting for enforcement is merely a formality; the logic being that a delay before the commencement of proceedings does not destroy ripeness. *See Regional Rail Reorganization Act Cases*, 419 U.S. 102 (1974); *Buckley v. Valeo*, 424 U.S. 1 (1976); *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001). An action is also ripe for adjudication where the party instituting the action will suffer collateral injuries that are not the primary focus of the lawsuit. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59 (1978) (holding case to be ripe despite the speculative nature of the claimed injury on the grounds that other injuries conferred justiciability). As to fitness of the action for judicial review, "the more a question is purely a legal issue the analysis of which does not depend on a particular factual context, the more likely" that a court will find ripeness. ERWIN CHEMERINSKY, FEDERAL JURISDICTION §2.4.3, at 123 (4th ed. 2003). In instances where judicial review of the issue "would be enhanced by a specific set of facts," courts are more likely to find that the ripeness requirement has not been met. *Id., citing Socialist Labor Party v. Gilligan,* 406 U.S. 583 (1972), *and California Bankers Ass'n v. Scultz*, 416 U.S. 21 (1974).

Actions brought under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, must still satisfy the ripeness requirement. A declaratory judgment action does not violate the ripeness requirement where "there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged."

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937).  In such a case, "the judicial function may be appropriately exercised although the adjudication of the rights of litigants may not require the award of process or the payment of damages."  Declaratory judgments are appropriately issued when there is an "actual factual dispute between adverse litigants and if there is a substantial likelihood that the favorable federal court decision will bring about some change." CHEMERINSKY, *supra*, §2.2, at 55.

ARGUMENTS[6]

## I.      Defendants' Motion to Dismiss

Defendants claim that the declaratory judgment action is due to be dismissed because the issue of Plaintiff's duty to indemnify is not ripe for adjudication.  They argue that the Declaratory Judgment Act is limited to cases that involve an actual controversy, and that the matters at issue here do not constitute an actual controversy.  *Maryland Casualty Co. v. Pacific Coal & Oil*, 312 U.S. 270 (1941).  Defendants also emphasize the discretionary nature of federal court jurisdiction assumed pursuant to the Declaratory Judgment Act, and urge the court to take note of the possibility that Defendant Vintage Homes may well prevail in the state court actions - which would moot the issue of indemnity - and therefore dismiss the declaratory judgment action.

## II.     Plaintiff's Response

As an initial matter, Plaintiff notes that Defendants' motion does not challenge ripeness as to Plaintiff's duty to defend the underlying actions - it only challenges the duty to indemnify. It argues that, standing alone, the question as to Plaintiff's duty to defend constitutes a

---

[6] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

"justiciable controversy."  *Thompson v. Hartford Acc. & Indem. Co.*, 460 So. 2d 1264 (Ala. 1984).  Plaintiff states that, if the court finds that this is the only controversy ripe for adjudication under the Declaratory Judgment Act, then it will concede that the Defendant Homeowners "are not necessary parties to that issue."  Observing that "in many cases, the injured party more vigorously contests the indemnity issue than does the insured," Plaintiff states that this is "precisely the reason [Defendant Homeowners] were made defendants to this action."  Plaintiff would not object to Defendant Homeowners' dismissal from this action should they concede that "there are no issues common to both cases" and that agree to be bound by this court's ultimate decision in the declaratory judgment action.  Plaintiff also argues that should the court determine that its jurisdiction is limited to determining the duty to defend but not the duty to indemnify, this would lead to the possibility of inconsistent results in future litigation.[7]

Plaintiff maintains, however, that "there is ample reason for the Court to deny the Motion in its entirety."  Citing *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779 (5th Cir. 1949), Plaintiff argues that the "deciding factor in determining whether the indemnity issue is ripe seems to turn on whether the decision on coverage can be made independent of the merits of and evidence necessary to the underlying actions."  Plaintiff submits that the issues raised in the declaratory judgment action are "not reliant on the evidence or outcome of the underlying actions," styling them instead as determinative of the duties to defend and indemnify.  Questions such as the meaning and scope of terms, definitions, and exclusions of the insurance policies, Plaintiff argues, are the operative inquiry in the declaratory judgment action - an inquiry that does

---

[7] Plaintiff further argues that such a ruling leaves open the possibility that it would fall victim to a collusive agreement between Defendant Vintage and Defendant Homeowners.

not rely on the presentation of evidence in, or the outcome of, the underlying actions.  This inquiry does, however, determine the scope of Plaintiff's duty to defend and indemnify.

Plaintiff cites *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989) and *Allstate Ins. Co. v. Prasad*, 991 F.2d 669 (11th Cir. 1993) for the proposition that the federal Declaratory Judgment Act is not constrained by the procedural laws of a state, and that "although the district court has an area of discretion in deciding whether to grant or deny declaratory relief, that discretion should be exercised liberally in favor of granting such relief in order to accomplish the purpose of the Declaratory Judgment Act."  *Holbrook*, 867 F.2d at 1332-33.  In *Holbrook*, the Eleventh Circuit held that the insurer was entitled to know whether or not it was contractually bound to undertake a "substantial and binding obligation" without knowing if it was, indeed, a binding obligation.[8]  Plaintiff also cites *Thompson, supra*, where the Supreme Court of Alabama held that the ripeness requirement was satisfied and that the injured parties were proper parties to a declaratory judgment action because their property rights would be affected by the determination of the action.[9]

---

[8] In a similar vein, Plaintiff argues elsewhere in its brief that Defendant Homeowners' motion is due to be dismissed because doing so would leave Plaintiff's only recourse as continuing to defend the underlying actions in state court with no definitive ruling as to their obligations under the insurance policies.

[9] The court notes that the declaratory judgment action at issue in *Thompson* was brought under the laws of the State of Alabama and not under the federal declaratory judgment statute.  Plaintiff also cites supporting authority from the Fourth, Seventh, and former Fifth Circuits Courts of Appeal.

### CONCLUSIONS OF THE COURT

The court concludes that the responsibilities of the Plaintiff under its policies are ripe for adjudication.  The court, in its discretion, will deny the motion.

This the 1st day of December, 2006.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**